UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-cr-157 (MJD/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT'S REPLY** |
| | ) **MEMORANDUM IN SUPPORT OF** |
| Kier Shawn Johnson, Jr., | ) **MOTION TO SUPPRESS EVIDENCE** |
| | ) |
| Defendant. | ) |

Defendant Kier Shawn Johnson, Jr. submits this reply memorandum in response to the government's arguments that (1) the search warrant affidavit established a sufficient nexus between evidence of a crime and the place to be searched, and (2) the *Leon* good-faith exception applies.

**I.   THE SEARCH-WARRANT AFFIDAVIT FAILS TO ESTABLISH A NEXUS BETWEEN EVIDENCE OF A CRIME AND THE PLACE TO BE SEARCHED.**

The government argues that the affidavit established a sufficient nexus because, under the totality of the circumstances, the affidavit established that the contraband could be found at the Peters Place apartment because the allegations established that Mr. Johnson "was repeatedly spending time with S.N.W. and at her apartment" and "it was reasonable for the reviewing court to infer that [Mr. Johnson] would keep the contraband either with him or somewhere readily accessible to him." [ECF No. 28 at 7.]

The government's argument relies primarily on cases stating that people generally keep firearms at home or on their persons. [*Id.*] With regard to the inference that a

defendant would store contraband at his home, the full statement from the nonprecedential case cited by the government, which cites two Eighth Circuit cases and other nonprecedential cases, is that "probable cause exists to search *what is known to be the defendant's residence* because people generally keep [firearms] at home or on their persons." *United States v. Malone*, No. 21-CR-217 (SRN/BRT), 2022 WL 2056473, at *6 (D. Minn. Mar. 14, 2022) (emphasis added), *R&R adopted*, 2022 WL 1486396 (D. Minn. May 11, 2022). The phrase, "what is known to be the defendant's residence," is an accurate description of the cases cited in *Malone*. And while the affidavit in *Malone* established probable cause to search a home that was not necessarily the defendant's residence but his mother's, the affidavit there alleged, among other things: a third person stated that the defendant stayed with his mother; cell phone data placed the defendant in his mother's neighborhood "most nights"; and two days before the warrant was signed, law enforcement saw the defendant walk from his mother's home to his vehicle which was parked nearby. *Id.* at *5. Not only is *Malone* not binding on this Court, but the government's citation to it is incomplete and the facts are entirely distinguishable.

Here, there is nothing establishing that the Peters Place apartment was Mr. Johnson's home, nor that he was an overnight guest, nor even that the apartment was "readily accessible" to him. The government appears to argue that because Mr. Johnson has standing to challenge the warrant as an overnight guest, the affidavit established the same because it is "consistent with that reality." [ECF No. 28 at 6 n.1.] This hindsight argument is flawed. The probable-cause determination is based solely on the facts alleged in the affidavit, and not on facts discovered during or after the warrant was executed.

2

*United States v. Martinez-Fuerte*, 428 U.S. 543, 565 (1976) (explaining that one purpose of the warrant requirement "is to prevent hindsight from coloring the evaluation of the reasonableness of a search or seizure").

With respect to the inference that the apartment was "readily accessible" to Mr. Johnson, the government cites no authority stating that ready access is sufficient to establish a nexus between a residence and contraband. Moreover, the affidavit does *not* establish that the apartment was "readily accessible." Being a guest in another person's home and a passenger in that person's vehicle—on a different day and at an unidentified location[1]—does not support an inference that a defendant had unfettered access to leave contraband at that person's home. Similarly, the government asserts that the affidavit established that Mr. Johnson was "repeatedly spending time with S.N.W. or at her apartment." [ECF No. 28 at 7.] One Facebook login at the apartment and one ride in Ms. Williams's vehicle does not establish a pattern of contact sufficient to infer that Mr. Johnson was regularly spending time at Ms. Williams's apartment, much less a fair probability that he was leaving valuable contraband there.

Second, assuming Mr. Johnson kept a firearm on his *person*, the affidavit would have to establish that Mr. Johnson himself would be present at the Peters Place apartment during the execution of the warrant. For the same reasons the affidavit failed to establish

---

[1] Notably, the two were observed in the vehicle by a Ramsey County Probation Officer. The Peters Place apartment in Columbia Heights is in Anoka County.

that Mr. Johnson would store contraband at the apartment, the affidavit does not support an inference that Mr. Johnson would be present that day.

Finally, the government fails to explain how Mr. Johnson and Ms. Williams's unidentified number of Facebook communications, and the fact that she often parked her own vehicle at her own residence, add anything to the totality-of-the-circumstances analysis. These facts certainly add to the *number* of allegations, but as stated in Mr. Johnson's principal brief, an affidavit that appears ample at first blush may still be fatally flawed. *See United States v. Taylor*, 599 F.2d 832, 836 (8th Cir. 1979); *see also United States v. Ralston*, 88 F.4th 776, 780 (8th Cir. 2023). The Court need not engage in a "hypertechnical" or "divide-and-conquer" approach to conclude that the allegations, even in their totality, do not establish a fair probability that Mr. Johnson's firearms would be found in Ms. Williams's apartment.

Therefore, the government's argument that the affidavit established a nexus is unavailing. Because no nexus was established, the search warrant was not supported by probable cause.

## II. THE *LEON* GOOD-FAITH EXCEPTION DOES NOT APPLY.

Next, the government argues that the *Leon* good-faith exception justified the search for the same reasons that the warrant application established probable cause. The government asserts that the "common sense appeal" approach applies in this case for the reasons present in *Carpenter* and *Perry*, cited in Mr. Johnson's principal brief. But the government provides no meaningful response to Mr. Johnson's analysis of these cases. [See ECF No. 28 at 11.] Indeed, those cases are distinguishable for the reasons explained

4

in Mr. Johnson's principal brief. [ECF No. 23 at 7-8.] No reasonable officer would conclude that a nexus was established based solely on one visit to a residence, one ride in a vehicle, the vehicle's presence at the vehicle owner's home, and some Facebook communication. These allegations are plainly insufficient to establish a fair probability that evidence of Mr. Johnson's alleged crimes would be found in Ms. Williams's apartment. Therefore, the *Leon* good-faith exception does not save the warrant, and the evidence must be suppressed.

## CONCLUSION

For the foregoing reasons, Defendant Kier Shawn Johnson, Jr. respectfully requests that the Court grant his motions in their entirety.

Respectfully submitted,

Dated:  August 7, 2025           */s/Patrick L. Cotter*
                                                              Patrick L. Cotter
                                                             Attorney No. 0319120
                                                             Attorney for Defendant
                                                             105 Hardman Court, Suite 110
                                                             South St. Paul, MN 55075
                                                             Phone: (651)-455-1555
                                                             Fax: (651) 455-9055
                                                             patrick@siebencotterlaw.com